UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN SUSAN SHAW,<br><br>                              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security Administration,<br><br>                              Defendant. | Case No.: 22-CV-1701 JLS (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(ECF Nos. 18 & 19) |

Presently before the Court is Plaintiff Kathleen Susan Shaw's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("Mot.," ECF No. 18). Also before the Court is Defendant Commissioner of the Social Security Administration Kilolo Kijakazi's Stipulated Response to the Motion ("Stip.," ECF No. 19), which indicates the Parties' agreement to an award of fees and expenses in the amount of $2,866.39 and costs in the amount of $402.00 pursuant to 28 U.S.C. §§ 1920 and 2414(d). Having considered the Parties' arguments and the law, the Court **GRANTS** the Motion.

## BACKGROUND

On November 1, 2022, Plaintiff filed a Complaint requesting the Court reverse and set aside Defendant's decision denying Plaintiff disability insurance benefits. *See* ECF No. 1. After the filing of the Administrative Record but before the filing of a response to the

Complaint, the Parties filed a Joint Motion for Voluntary Remand pursuant to 42 U.S.C. § 405(g), sentence four, *see* ECF No. 16, which this Court granted, *see* ECF No. 17. The present Motion, *see* ECF No. 18, and Stipulation, *see* ECF No. 19, followed.

## LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA also permits an award of costs to the prevailing party in accordance with § 1920. *See id.* § 2412(a)(1).

## ANALYSIS

"Under the EAJA, attorneys' fees are to be awarded to a party winning a sentence-four remand unless the Commissioner shows that his position with respect to the issue on which the district court based its remand was 'substantially justified.'" *Ulugalu v. Berryhill*, No. 17-cv-1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)). Defendant has stipulated to an award of fees and costs and does not argue that the Social Security Administration's position was substantially justified. The Court thus agrees with the Parties that fees are warranted here.

The quantum of fees awarded under the EAJA is based upon prevailing market rates for the kind and quality of the services provided. 28 U.S.C. § 2412(d)(2)(A). Such fees, however, shall not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). For

2022, the Ninth Circuit's statutory maximum rate under the EAJA, factoring in cost of living, was $234.95. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act,* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Apr. 26, 2023).

Here, Plaintiff requests fees for 12.2 hours of attorney work at the hourly rate of $234.95, totaling $2,866.39. *See* ECF No. 18-1. The Court finds both the rate—the Ninth Circuit's 2022 maximum hourly rate under the EAJA—and the hours expended to be reasonable. *Cf. Ulugalu*, 2018 WL 2012330, at *3–4 (approving award of fees at the then-prevailing Ninth Circuit EAJA rate for 25.3 attorney hours and 9.9 paralegal hours worked). Further, Defendant stipulates to an award of fees in the requested amount. *See* Stip. at 2. Accordingly, the Court finds the fees requested by Plaintiff and stipulated to by Defendant reasonable and awardable.

The Parties further stipulate to an award of $402.00 in costs under 28 U.S.C. § 1920. *See* Stip. at 2. The Court finds an award of costs in this amount, representing Plaintiff's filing costs in this action, reasonable and awardable as well. *See* 28 U.S.C. §§ 1920, 2412(a)(1).

## CONCLUSION

Good cause appearing, the Court **GRANTS** Plaintiff's Motion (ECF No. 18) and **AWARDS** to Plaintiff fees in the amount of $2,866.39 and costs in the amount of $402.00, subject to any offset allowed under the United States Department of the Treasury's Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010).

**IT IS SO ORDERED.**

Dated: May 1, 2023

Hon. Janis L. Sammartino
United States District Judge